Mary A. KISTLER, et al *v.* Miriam H. STODDARD

CA 84-300                                          688 S.W.2d 746

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 1985

*Daggett, Van Dover, Donovan & Cahoon*, by: *Jesse B. Daggett*, for appellant.

*Preston G. Hicky*, for appellee.

JAMES R. COOPER, Judge. Margaret Barrett (hereinafter "Barrett") owned Riverdale Plantation, located in St. Francis County, Arkansas. She died in 1979, and Riverdale Plantation was devised to the appellant, Mary A. Kistler, (hereinafter referred to as "Kistler"). The appellant R.A. Ashley, Jr., (hereinafter referred to as "Ashley") was appointed administrator of Barrett's estate. The appellant Shannon Brothers Enterprises, Inc., (hereinafter referred to as "Shannon") purchased Riverdale

Plantation in March, 1982. The appellee, Miriam H. Stoddard, is the executrix of the estate of William K. Stoddard, her husband, who, prior to his death, had leased 208 acres of Riverdale Plantation for over twenty years on an annual, oral basis. After Barrett's death, Ashley required a written lease for the 208 acres; the first written lease covered a term which ended December 31, 1980. Another lease was executed which covered 1981. In the fall of 1981, Stoddard planted winter wheat, which was to mature in the spring of 1982. He had done the same thing in 1980, and had harvested the wheat in the spring of 1981. Shannon purchased Riverdale Plantation in March, 1982 and harvested the wheat planted by Stoddard. Stoddard made demand on Shannon for the costs of planting and Shannon refused payment. Stoddard filed suit, and the chancellor awarded Stoddard $5,711.93, finding that to do otherwise would result in Shannon's being unjustly enriched by that amount. From that decision, comes this appeal.

The chancellor found that: Shannon was aware that the wheat crop was planted at the time of the purchase; the value of the wheat crop did not enter into the price negotiations for the plantation; Shannon did not elect to plow the wheat under but chose to reap the benefit of Stoddard's labor; Stoddard was unaware, at the time he planted the wheat, of the proposed sale to Shannon; and that Stoddard was justified, considering the past practices of the parties (Stoddard and Barrett and the executor of Barrett's estate), in planting the wheat crop with the expectation of being able to harvest it the next spring.

The appellants argue that Stoddard should not be allowed to recover because he planted wheat only a few months before his lease term was to expire, knowing that the wheat would not mature during the period of his lease. Further, they argue that the wheat crop was part of the realty and that, when Shannon bought the land, the crop went with the realty. They correctly argue that Stoddard had no right to enter onto the land for the purpose of harvesting the wheat once his lease expired on December 31, 1981. However, Stoddard made no claim to any such right. He only claimed a right to the cost of his efforts, the benefit of which inured to enrich Shannon. We agree that Stoddard's efforts were undertaken in good faith, since he reasonably could have relied on past practices and was unaware of the impending sale to Shannon until well after planting time.

The question remaining is whether, on the facts of this case, the chancellor correctly decided that the doctrine of unjust enrichment required that Shannon reimburse Stoddard for his costs in planting the wheat. We agree with the chancellor.

■ The doctrine of unjust enrichment is an equitable one, providing that one party should not be allowed to benefit at the expense of another because of an innocent mistake or unintentional error. *Brookfield* v. *Rock Island Improvement Company*, 205 Ark. 573, 169 S.W.2d 662 (1943). Here the chancellor correctly determined that, absent restitution being paid to Stoddard, Shannon would without justification reap the benefits of Stoddard's labor and expense. It is true that Shannon, once the purchase was finalized, owned the wheat crop and that Stoddard had no legal or equitable claim to the crop itself. But resolution of that issue does not mean that Shannon is entitled to be unjustly enriched in the amount expended to plant the crop.

■ We review chancery cases *de novo*, but we do not reverse the chancellor's decisions on factual question unless those decisions are clearly erroneous or against the preponderance of the evidence. ARCP, Rule 52(a). Since the chancellor's findings are neither clearly erroneous nor against the preponderance of the evidence, we affirm.

We express no opinion as to whether Shannon may have a valid claim against Kistler or Ashley, as administrator of Barrett's estate, because that issue has not been raised before this Court.

Affirmed.

CLONINGER and GLAZE, JJ., agree.